1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN FRANCISCO DIVISION
18

19  IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-4794-CRB
    _____)
    *This document relates to*         )
21                                     )  **PFIZER INC., PHARMACIA**
    WILLIAM POTEATE,                   )  **CORPORATION, AND G.D.**
22                                     )  **SEARLE, LLC'S ANSWER TO**
              Plaintiff,               )  **COMPLAINT**
23                                     )
          vs.                          )  **JURY DEMAND ENDORSED**
24                                     )  **HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION,)
25  and G.D. SEARLE & CO.,             )
                                       )
26            Defendants.              )
    _____)
27

28

                              -1-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiff's Complaint as "G.D. Searle LLC") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1. Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  2.    Defendants are without knowledge or information sufficient to form a belief as to the

2  truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

3  Defendants deny the remaining allegations in this paragraph of the Complaint.

4  3.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

5  business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

6  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

7  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

8  Bextra® in the United States, including North Carolina, to be prescribed by healthcare

9  providers who are by law authorized to prescribe drugs in accordance with their approval by the

10 FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

11 vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

12 the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining

13 allegations in this paragraph of the Complaint.

14 4.    Defendants admit that Searle is a Delaware limited liability company with its principal

15 place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

16 was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

17 and distributed Bextra® in the United States to be prescribed by healthcare providers who are

18 by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

19 deny the remaining allegations in this paragraph of the Complaint.

20 5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

21 business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

22 marketed and co-promoted Bextra® in the United States, including North Carolina, to be

23 prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

24 with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

25 "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

26 information to form a belief as to the truth of such allegations, and, therefore, deny the same.

27 Defendants deny the remaining allegations in this Paragraph of the Complaint.

28

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Allegations Regarding Jurisdiction and Venue**

2   6.      Defendants are without knowledge or information to form a belief as to the truth of the

3   allegations in this paragraph of the Complaint regarding the amount in controversy, and,

4   therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount

5   in controversy exceeds $75,000, exclusive of interests and costs.

6   7.      Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

8   the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

9   Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

10  exclusive of interests and costs.

11  8.      Defendants admit that this case should be transferred to In re: Bextra and Celebrex

12  Marketing , Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles

13  R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.  Defendants

14  are without knowledge or information sufficient to form a belief as to the truth of the

15  allegations in this paragraph of the Complaint regarding the judicial district in which the

16  asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a

17  tort in the State of North Carolina or the State of California and deny the remaining allegations

18  in this paragraph of the Complaint.

19  9.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20  and co-promoted Bextra® in the United States, North Carolina, to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and

23  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

24  in the United States to be prescribed by healthcare providers who are by law authorized to

25  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they

26  provided FDA-approved prescribing information regarding Bextra®.  Defendants admit that

27  they do business in the State of North Carolina.  Defendants state that Plaintiff's allegations

28  regarding "predecessors in interest" are vague and ambiguous.  Defendants are without

1    knowledge or information to form a belief as to the truth of such allegations, and, therefore,

2    deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in

3    this paragraph of the Complaint.

4              **Response to Allegations Regarding Interdistrict Assignment**

5    10.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is required. To the extent that a response is deemed required, Defendants

7    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

8    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

9    Panel on Multidistrict Litigation on September 6, 2005.

10              **Response to Factual Allegations**

11   11.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

13   Defendants deny the remaining allegations this paragraph of the Complaint.

14   12.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

16   Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that

17   Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

18   of the Complaint.

19   13.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

21   Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information. Defendants

23   state that the potential effects of Bextra® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

26   Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

27   of the Complaint.

28   14.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15. Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations this paragraph of the Complaint.

16. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

17. Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

ANSWER TO COMPLAINT – 3:07-cv-4794-CRB

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

18.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.    Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.    Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.    Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.    Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

22.    Plaintiff does not allege having used Celebrex® in this Complaint.    Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

1  directed toward Defendants and, therefore, no response is required.  To the extent a response is
2  deemed required, Defendants state that Plaintiff fails to provide the proper context for the
3  allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants
4  therefore lack sufficient information or knowledge to form a belief as to the truth of such
5  allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this
6  paragraph of the Complaint.

7  23.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA
8  on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the
9  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis
10 and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.
11 Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and
12 ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of
13 such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in
14 this paragraph of the Complaint.

15 24.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.
16 Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is
17 indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid
18 arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining
19 allegations in this paragraph of the Complaint.

20 25.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®
21 is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult
22 rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny
23 the remaining allegations in this paragraph of the Complaint.

24 26.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®
25 is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult
26 rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state
27 that Bextra® was and is safe and effective when used in accordance with its FDA-approved
28 prescribing information.  Defendants state that the potential effects of Bextra® were and are

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ANSWER TO COMPLAINT – 3:07-cv-4794-CRB

adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

30.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November 16, 2001.   Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

32.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.   Defendants deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.   Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    The allegations in this paragraph of the Complaint are not directed towards Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

2   admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

3   Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

4   referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

5   actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

6   deny the remaining allegations in this paragraph of the Complaint.

7   37.    Defendants state that Bextra® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

9   deny the remaining allegations in this paragraph of the Complaint.

10  38.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

11  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

12  and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

13  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  39.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

15  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

16  and  text.    Any  attempt  to  characterize  the  Alert  for  Healthcare  Professionals  is  denied.

17  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  40.    Defendants state that the referenced article speaks for itself and respectfully refer the

19  Court to the article for its actual language and text.  Any attempt to characterize the article is

20  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  41.    Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

23  this paragraph of the Complaint.

24  42.    Defendants state that the referenced article speaks for itself and respectfully refer the

25  Court to the article for its actual language and text.  Any attempt to characterize the article is

26  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27  43.    Defendants state that the referenced article speaks for itself and respectfully refer the

28  Court to the article for its actual language and text.  Any attempt to characterize the article is

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   44.      Defendants state that the referenced articles speak for themselves and respectfully refer

3   the Court to the articles for their actual language and text.  Any attempt to characterize the

4   articles is denied.   Defendants deny the remaining allegations in this paragraph of the

5   Complaint.

6   45.      Defendants state that the referenced article speaks for itself and respectfully refer the

7   Court to the article for its actual language and text.  Any attempt to characterize the article is

8   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9   46.      Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.   Defendants deny the allegations in this

11  paragraph of the Complaint.

12  47.      Defendants state that the referenced article speaks for itself and respectfully refer the

13  Court to the article for its actual language and text.  Any attempt to characterize the article is

14  denied.   Defendants deny any wrongful conduct and deny the remaining allegations in this

15  paragraph of the Complaint.

16  48.      The allegations in this paragraph of the Complaint are not directed towards Defendants

17  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

18  state that the referenced article speaks for itself and respectfully refer the Court to the article for

19  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

20  the remaining allegations in this paragraph of the Complaint.

21  49.      Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny the allegations in this paragraph of the Complaint.

26  50.      Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

3  allegations in this paragraph of the Complaint.

4  51.    Defendants state that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Bextra® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9  the Complaint.

10  52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Bextra® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants are without knowledge or information

21  sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used

22  Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

23  allegations in this paragraph of the Complaint.

24  53.    The allegations in this paragraph of the Complaint regarding Vioxx® are not directed

25  toward Defendants and, therefore, no response is required.  To the extent a response is deemed

26  required, Defendants state that Plaintiff fails to provide the proper context for the allegations in

27  this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient

28  information or knowledge to form a belief as to the truth of such allegations and, therefore,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

2  referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

3  language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

4  transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

5  respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

6  characterize the transcripts is denied.  Defendants state that the referenced study speaks for

7  itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

8  to characterize the article is denied.  Defendants deny the remaining allegations in this

9  paragraph of the Complaint.

10  58.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

11  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

12  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

13  that the referenced press release speaks for itself and respectfully refer the Court to the press

14  release for its actual language and text.  Any attempt to characterize the press release is denied.

15  Defendants state that the referenced article speaks for itself and respectfully refer the Court to

16  the article for its actual language and text.  Any attempt to characterize the article is denied.

17  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18  the Complaint.

19  59.    Defendants state that the referenced press release speaks for itself and respectfully refer

20  the Court to the press release for its actual language and text.  Any attempt to characterize the

21  press release is denied.  Defendants deny any wrongful conduct and deny the remaining

22  allegations in this paragraph of the Complaint.

23  60.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

24  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

25  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

26  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

27  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

28  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

62.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    63.    Defendants state that Bextra® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Bextra® were and are adequately described in its FDA-approved prescribing information,

4    which at all times was adequate and comported with applicable standards of care and law.

5    Defendants deny the remaining allegations in this paragraph of the Complaint.

6    64.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11   the Complaint.

12   65.    Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   66.    Defendants deny the allegations in this paragraph of the Complaint.

19   67.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

21   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

23   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

24   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

25   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

26   effective when used in accordance with its FDA-approved prescribing information.  Defendants

27   state that the potential effects of Bextra® were and are adequately described in its FDA-

28   approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-17-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    68.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the

5    same.  Defendants state that the referenced press releases speak for themselves and respectfully

6    refer the Court to the press releases for their actual language and text.   Any attempt to

7    characterize the press releases is denied.  Defendants state that Bextra® was and is safe and

8    effective when used in accordance with its FDA-approved prescribing information.  Defendants

9    state that the potential effects of Bextra® were and are adequately described in its FDA-

10   approved prescribing information, which was at all times adequate and comported with

11   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

12   remaining allegations in this paragraph of the Complaint.

13   69.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the

15   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Bextra® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

20   and deny the remaining allegations in this paragraph of the Complaint.

21   70.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

26   allegations in this paragraph of the Complaint.

27   71.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

1  Bextra® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4  the Complaint.

5  72.    Defendants deny any wrongful conduct and deny the remaining allegations in this

6  paragraph of the Complaint.

7  73.    Defendants state that Bextra® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information.  Defendants state that the potential effects of

9  Bextra® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

12  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

13  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

14  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

15  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

16  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

17  with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

18  remaining allegations in this paragraph of the Complaint.

19  74.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

21  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

23  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

24  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

25  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27          **Response to First Cause of Action: Negligence**

28  75.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint as if fully set forth herein.

2    76.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is deemed required.   To the extent a response is deemed required,

4    Defendants admit that they had duties as are imposed by law but deny having breached such

5    duties.  Defendants state that the potential effects of Bextra® were and are adequately described

6    in its FDA-approved prescribing information, which was at all times adequate and comported

7    with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

8    effective when used in accordance with its FDA-approved prescribing information.  Defendants

9    deny the remaining allegations in this paragraph of the Complaint.

10    77.    Defendants state that this paragraph of the Complaint contains legal contentions to

11    which no response is deemed required.   To the extent a response is deemed required,

12    Defendants admit that they had duties as are imposed by law but deny having breached such

13    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

14    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

15    this paragraph of the Complaint.

16    78.    Defendants state that this paragraph of the Complaint contains legal contentions to

17    which no response is required.  To the extent that a response is deemed required, Defendants

18    admit that they had duties as are imposed by law but deny having breached such duties.

19    Defendants state that Bextra® was and is safe and effective when used in accordance with its

20    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

21    were and are adequately described in its FDA-approved prescribing information, which was at

22    all times adequate and comported with applicable standards of care and law.  Defendants deny

23    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

24    including all subparts.

25    79.    Defendants state that Bextra® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants state that the potential effects of

27    Bextra® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-20-

1    Defendants are without knowledge or information sufficient to form a belief as to the truth of

2    the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

3    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4    the Complaint.

5    80.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   81.    Defendants state that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

13   that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

14   paragraph of the Complaint.

15   82.    Defendants state that Bextra® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Bextra® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20   the Complaint.

21   83.    The allegations in this paragraph of the Complaint regarding Vioxx® are not directed

22   toward Defendants and, therefore, no response is required.  To the extent a response is deemed

23   required, Defendants state that Plaintiff fails to provide the proper context for the allegations in

24   this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient

25   information or knowledge to form a belief as to the truth of such allegations and, therefore,

26   deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in

27   this paragraph of the Complaint.

28   84.    Defendants state that Bextra® was and is safe and effective when used in accordance

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

2    that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

3    paragraph of the Complaint.

4    85.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    86.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

7    damage and deny the remaining allegations in this paragraph of the Complaint.

8    87.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10                    **Response to Second Cause of Action: Strict Liability**

11    88.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

12    Complaint as if fully set forth herein.

13    89.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15    Defendants admit that Bextra® was expected to reach consumers without substantial change in

16    the condition from the time of sale.  Defendants admit that, during certain periods of time,

17    Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

18    by healthcare providers who are by law authorized to prescribe drugs in accordance with their

19    approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

20    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

21    distributed Bextra® in the United States to be prescribed by healthcare providers who are by

22    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

23    state that Bextra® was and is safe and effective when used in accordance with its FDA-

24    approved prescribing information.  Defendants state that the potential effects of Bextra® were

25    and are adequately described in its FDA-approved prescribing information, which was at all

26    times adequate and comported with applicable standards of care and law.  Defendants deny the

27    remaining allegations in this paragraph of the Complaint.

28    90.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

91.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

95. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

96. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

97. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

98. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    allegations in this paragraph of the Complaint.

2    99.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4    Defendants state that Bextra® was and is safe and effective when used in accordance with its

5    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

6    were and are adequately described in its FDA-approved prescribing information, which was at

7    all times adequate and comported with applicable standards of care and law.  Defendants admit

8    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

9    in the United States to be prescribed by healthcare providers who are by law authorized to

10   prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

11   certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

12   tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

13   healthcare providers who are by law authorized to prescribe drugs in accordance with their

14   approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective,

15   deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

16   paragraph of the Complaint.

17   100.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   101.    Defendants state that this paragraph of the Complaint contains legal contentions to

23   which no response is deemed required.    To the extent a response is deemed required,

24   Defendants admit that they had duties as are imposed by law but deny having breached such

25   duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

1    Defendants deny the remaining allegations in this paragraph of the Complaint.

2    102.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4    Defendants state that Bextra® was and is safe and effective when used in accordance with its

5    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

6    were and are adequately described in its FDA-approved prescribing information, which was at

7    all times adequate and comported with applicable standards of care and law.  Defendants deny

8    the remaining allegations in this paragraph of the Complaint.

9    103.    Defendants state that Bextra® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

11   deny the remaining allegations in this paragraph of the Complaint.

12   104.    Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   105.    Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

20   that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

21   paragraph of the Complaint.

22   106.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

23   damage, and deny the remaining allegations in this paragraph of the Complaint.

24   107.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

25   damage, and deny the remaining allegations in this paragraph of the Complaint.

26   108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

27   damage, and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Response to Third Cause of Action: Breach of Express Warranty**

2    109.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3    Complaint as if fully set forth herein.

4    110.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

6    Defendants state that Bextra® was and is safe and effective when used in accordance with its

7    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

8    were and are adequately described in its FDA-approved prescribing information, which was at

9    all times adequate and comported with applicable standards of care and law.  Defendants admit

10    that they provided FDA-approved prescribing information regarding Bextra®.  Defendants

11    deny the remaining allegations in this paragraph of the Complaint.

12    111.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

14    Defendants state that Bextra® was and is safe and effective when used in accordance with its

15    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

16    were and are adequately described in its FDA-approved prescribing information, which was at

17    all times adequate and comported with applicable standards of care and law.  Defendants admit

18    that they provided FDA-approved prescribing information regarding Bextra®.  Defendants

19    deny the remaining allegations in this paragraph of the Complaint, including all subparts.

20    112.    Defendants deny the allegations in this paragraph of the Complaint.

21    113.    Defendants state that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants state that the potential effects of

23    Bextra® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants admit that they provided FDA-approved prescribing information regarding

26    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27    114.    Defendants state that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Fourth Cause of Action: Breach of Implied Warranty

121.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

122.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

133.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

134.    Defendants state that this paragraph of the Complaint contains legal contentions to

which no response is deemed required.    To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

136.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

148.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

149.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

150.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

151.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

153.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## **Response to Prayer for Relief**

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

## **III.**

## **GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## **IV.**

## **AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.  Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

1

**Fourteenth Defense**

2    14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

3    for its intended use and the warnings and instructions accompanying Bextra® at the time of the

4    occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

5    **Fifteenth Defense**

6    15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

7    Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable

8    standard of care.

9    **Sixteenth Defense**

10    16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

11    Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

12    abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or

13    persons acting on its behalf after the product left the control of Defendants.

14    **Seventeenth Defense**

15    17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

16    Defendants.

17    **Eighteenth Defense**

18    18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

19    conditions unrelated to Bextra®.

20    **Nineteenth Defense**

21    19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the

22    doctrine of assumption of the risk bars or diminishes any recovery.

23    **Twentieth Defense**

24    20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

25    preempted in accordance with the Supremacy Clause of the United States Constitution and by

26    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Twenty-eighth Defense**

2    28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

3    Products Liability.

4

**Twenty-ninth Defense**

5    29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

6    facts sufficient under the law to justify an award of punitive damages.

7

**Thirtieth Defense**

8    30.    The imposition of punitive damages in this case would violate Defendants' rights to

9    procedural due process under the Fourteenth Amendment of the United States Constitution, the

10    Constitution of the State of North Carolina, and the Constitution of the State of California, and

11    would additionally violate Defendants' right to substantive due process under the Fourteenth

12    Amendment of the United States Constitution.

13

**Thirty-first Defense**

14    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

15    Fourteenth Amendments to the United States Constitution.

16

**Thirty-second Defense**

17    32.    The imposition of punitive damages in this case would violate the First Amendment to

18    the United States Constitution.

19

**Thirty-third Defense**

20    33.    Plaintiff's punitive damage claims are preempted by federal law.

21

**Thirty-fourth Defense**

22    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

23    representation, this action is barred as there was no reliance upon representations, if any, of

24    Defendants.

25

**Thirty-fifth Defense**

26    35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance

27    to any express representation.

28

ANSWER TO COMPLAINT – 3:07-cv-4794-CRB

1

**Thirty-sixth Defense**

2      36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

3      proof of causation, the claims violate Defendants' rights under the United States Constitution.

4

**Thirty-seventh Defense**

5      37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

6      labeling with respect to the subject pharmaceutical products were not false or misleading and,

7      therefore, constitute protected commercial speech under the applicable provisions of the United

8      States Constitution.

9

**Thirty-eighth Defense**

10      38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

11      caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

12      law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

13      protections afforded by the United States Constitution, the excessive fines clause of the Eighth

14      Amendment of the United States Constitution, the Commerce Clause of the United States

15      Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

16      Constitutions of the States of North Carolina and California.    Any law, statute, or other

17      authority purporting to permit the recovery of punitive damages in this case is unconstitutional,

18      facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally

19      sufficient standards to guide and restrain the jury's discretion in determining whether to award

20      punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide

21      adequate advance notice as to what conduct will result in punitive damages; (3)   permits

22      recovery of punitive damages based on out-of-state conduct, conduct that complied with

23      applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff;

24      (4) permits recovery of punitive damages in an amount that is not both reasonable and

25      proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

26      damages, if any; (5) permits jury consideration of net worth or other financial information

27      relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial

28      court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

2  satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

3  *Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S.

4  443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut.*

5  *Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

7  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

8  and marketing of Bextra®, if any, used in this case, included adequate warnings and

9  instructions with respect to the product's use in the package insert and other literature, and

10  conformed to the generally recognized, reasonably available, and reliable state of the

11  knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

manufactured and labeled in accordance with the state-of-the-art industry standards existing at

the time of the sale.

**Forty-first Defense**

17  41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

18  and belief, such injuries and losses were caused by the actions of persons not having real or

19  apparent authority to take said actions on behalf of Defendants and over whom Defendants had

20  no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

22  42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

23  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

24  intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

26  43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

27  waiver, and/or estoppel.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-41-

1

**Forty-fourth Defense**

2   44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

3   pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

4   illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

5   independent of or far removed from Defendants' conduct.

6

**Forty-fifth Defense**

7   45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

8   did not proximately cause injuries or damages to Plaintiff.

9

**Forty-sixth Defense**

10   46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

11   did not incur any ascertainable loss as a result of Defendants' conduct.

12

**Forty-seventh Defense**

13   47.    The claims asserted in the Complaint are barred, in whole or in part, because the

14   manufacturing, labeling, packaging, and any advertising of the product complied with the

15   applicable codes, standards and regulations established, adopted, promulgated or approved by

16   any applicable regulatory body, including but not limited to the United States, any state, and

17   any agency thereof.

18

**Forty-eighth Defense**

19   48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

20   product labeling contained the information that Plaintiff contends should have been provided.

21

**Forty-ninth Defense**

22   49.    The claims asserted in the Complaint are barred because the utility of Bextra®

23   outweighed its risks.

24

**Fiftieth Defense**

25   50.    Plaintiff's damages, if any, are barred or limited by the payments received from

26   collateral sources.

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ANSWER TO COMPLAINT – 3:07-cv-4794-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-first Defense**

51.   Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.   Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.   The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.   Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.   Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.   Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.     Upon information and belief, Plaintiff's claims may be barred by the provisions of N.C. Gen. Stat. § 99B-4(1) in that the use of the product may have been contrary to express and adequate instructions or warnings provided to Plaintiff by Plaintiff's physician(s).

**Fifty-ninth Defense**

59.     Upon information and belief, Plaintiff continued to use Bextra® after learning of its alleged defects.  Accordingly, Plaintiff's claims are barred by North Carolina common law and N.C. Gen. Stat. § 99B-4(2).

**Sixtieth Defense**

60.     If it is discovered that Plaintiff failed to exercise reasonable are under the circumstances in the use of Bextra®, and Plaintiff's failure was a proximate cause of Plaintiff's alleged injuries, then the provisions of N.C. Gen. Stat. § 99B-4(3) are pled as a complete bar to Plaintiff's right to recover against Defendants.

**Sixty-first Defense**

61.     Plaintiff's claims are barred by N.C. Gen. Stat. § 99B-5(c), which expressly limits Defendants' responsibility to provide product warnings directly to consumers of prescription drugs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Sixty-second Defense

62.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

ANSWER TO COMPLAINT – 3:07-cv-4794-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  December 12, 2007                          GORDON & REES LLP

2

3                                             By: : _____/s/_____
                                                  Stuart M. Gordon
4                                                 sgordon@gordonrees.com
                                                  Embarcadero Center West
5                                                 275 Battery Street, 20th Floor
                                                  San Francisco, CA 94111
6                                                 Telephone:  (415) 986-5900
                                                  Fax:  (415) 986-8054
7

8  December 12, 2007                          TUCKER ELLIS & WEST LLP
                                              .
9

10                                            By: : _____/s/_____
                                                   Michael C. Zellers
11                                                 michael.zellers@tuckerellis.com
                                                   515 South Flower Street, Suite 4200
12                                                 Los Angeles, CA  90071-2223
                                                   Telephone:  (213) 430-3400
13                                                 Fax:  (213) 430-3409

14                                                 Attorneys for Defendants
                                                   PFIZER INC., PHARMACIA
15                                                 CORPORATION, AND G.D. SEARLE
                                                   LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-4794-CRB

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3    trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4    Procedure.

5    December 12, 2007                          GORDON & REES LLP

6

7                                              By: :_____/s/_____
                                               Stuart M. Gordon
8                                              sgordon@gordonrees.com
                                               Embarcadero Center West
9                                              275 Battery Street, 20th Floor
                                               San Francisco, CA 94111
10                                             Telephone: (415) 986-5900
                                               Fax: (415) 986-8054
11

12   December 12, 2007                         TUCKER ELLIS & WEST LLP

13

14                                             By:_____/s/_____
                                               Michael C. Zellers
15                                             michael.zellers@tuckerellis.com
                                               515 South Flower Street, Suite 4200
16                                             Los Angeles, CA 90071-2223
                                               Telephone: (213) 430-3400
17                                             Fax: (213) 430-3409

18                                             Attorneys for Defendants
                                               PFIZER INC., PHARMACIA
19                                             CORPORATION, AND G.D. SEARLE
                                               LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111